IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHEN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| OPTIMAL BLUE, LLC, § <br> § <br> *Plaintiff,* § <br> § <br> v. § <br> § <br> CBM MORTGAGE, INC., § <br> § <br> *Defendant.* § | CIVIL ACTION NO. _____ <br><br> COMPLAINT |

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES, Plaintiff Optimal Blue, LLC, ("Optimal Blue") complaining of CBM Mortgage, Inc. ("CBM") and for cause of action would respectfully show the Court as follows:

## NATURE OF THE CASE

1. Optimal Blue brings this action for breach of contract and suit on sworn account against CBM for failing to pay for technology services provided under a valid and enforceable agreement. CBM accepted and benefited from the services but refuses to pay the amounts due. This material breach entitles Optimal Blue to recover actual damages as well as late fees and costs pursuant to the terms of the Agreement (defined below) and applicable law.

## PARTIES

2. Optimal Blue is a Texas limited liability company. The sole member of the limited liability company is Project Badger Holdco Inc., which is a Delaware corporation that has its principal place of business in Hunt Valley, Maryland.

3. CBM is a Virginia corporation and has its principal place of business in Front Royal, Virginia.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1332 because the parties are diverse and the matter in controversy exceeds $75,000.

5. Venue is proper pursuant to 28 U.S.C.A § 1391(b)(3) because the parties have contractually agreed to submit to personal jurisdiction in Dallas County, Texas, and CBM is subject to this Court's jurisdiction with respect to the claims asserted herein. The contract at issue contains a forum selection clause designating Dallas County, Texas, as the exclusive venue for disputes arising out of or relating to the agreement.

## STATEMENT OF FACTS

6. Optimal Blue is a technology company that provides software solutions and services to clients principally in the financial and mortgage services industries, including pricing, eligibility, and secondary marketing automation.

7. Based on publicly available information, CBM, also known as the CBM Team of Supreme Lending, is a locally owned and operated residential mortgage lender headquartered in Front Royal, Virginia, with branch offices throughout the East Coast. CBM offers a range of home financing solutions, including conventional, FHA, VA, USDA, and renovation loans, and operates as part of the Supreme Lending network, providing personalized lending services backed by national infrastructure.

8. CBM and Optimal Blue, by and through its predecessors began their contractual relationship in or around June 2014. Over the years, the parties have amended and restated their agreements multiple times to reflect changes in services and business needs.

9. On or about June 26, 2014, the parties entered into an Optimal Blue License Agreement (as amended and supplemented or modified by various addenda, and including the applicable Payment Schedules, the ("Agreement"), which governs the software licenses and services at issue in this action. A true and correct copy of the Agreement is attached hereto as **Exhibit A** and incorporated herein by reference. Black Knight Technologies, LLC is the predecessor corporation of Optimal Blue for all purposes under the Agreement.

10. Under Section 5 of the Agreement, Optimal Blue agreed to provide certain "Technology Services" described in the Payment Schedule and as subsequently modified through various addenda throughout the course of the parties' relationship. The Technology Services provided by Optimal Blue to CBM include (a) Optimal Blue Banker Correspondent Content and Product, Pricing, and Eligibility Engine, (b) Pipeline Risk Services, (c) Comergence Services, (d) Partner Integration within the Optimal Blue Services, (e) Product & Pricing Solution for Mortgage Lenders, (f) Social Media Audits, and (g) expanded user access to the PPE Engine through an increased number of licensed users.

11. Under Section 14 of the Agreement, CBM agreed to pay Optimal Blue the fees as set forth on the applicable Payment Schedule, with initial implementation

payment and first monthly payment due on the effective date of the applicable service followed by subsequent monthly installments starting on the billing start date.

12. Under Section 14 of the Agreement, the parties agreed that Optimal Blue would send invoices and billing statements to CBM via electronic mail.

13. Under Section 15 of the Agreement, CBM agreed to pay monthly installment fees to Optimal Blue in advance by the 15th of each month. If unpaid within 30 days, amounts due incur a late fee of 18% per annum or the maximum interest rate allowed by law.

14. Pursuant to Section 3 of the Agreement, the initial term commenced on the "Billing Start Date," as defined in the Agreement or any applicable Addendum, and continued for the period specified therein. If no Billing Start Date was defined, the term began on the first day of the month following the Effective Date of the Agreement or Addendum. The Agreement or Addendum automatically renewed for successive one-year terms unless terminated by either party with at least sixty (60) days' notice prior to the end of the then-current term.

15. CBM has failed to pay at least six (6) invoices (collectively, the "Invoices") issued by Optimal Blue for technology services rendered pursuant to the Agreement, Payment Schedule and/or applicable Addenda. True and correct copies of the Invoices are attached hereto at **Exhibit B** and incorporated herein by reference. These Invoices are currently due and remain unpaid.

16. As a result of CBM's non-payment, CBM has breached the Agreement and the outstanding amounts due under the Agreement are accruing late fees at the

lesser of 18% per annum or the maximum amount permitted by law, as provided in Section 14 of the Agreement. These fees apply to all invoices that remain unpaid more than thirty (30) days past their due date.

17. On February 5, 2025, Optimal Blue issued a written demand to CBM requesting immediate payment of the then-outstanding invoices. CBM failed to respond to the demand and has not remitted any payment. Despite this breach, Optimal Blue continued to provide services and issue invoices in accordance with the Agreement.

18. As of the date of this filing, CBM has failed to pay six (6) invoices issued between March 2024 and August 2024, totaling $94,311.96 in unpaid principal. These invoices have accrued $20,521.98 in late fees, calculated from 30 days after each invoice's due date through August 26, 2025, in accordance with the contractual late fee provision in Section 15 of the Agreement. This amount excludes any late fees that may have been accrued after the date of filing, which remain subject to ongoing calculation and potential recovery.

19. Optimal Blue seeks to recover all amounts due and owing under the Agreement, including the amounts set forth in the Invoices, as well as late fees that continue to accrue pursuant to Section 15 of the Agreement, and all costs of collection, including reasonable attorneys' fees.

20. All conditions precedent to the filing of Optimal Blue's claims have been met, waived, excused, or are otherwise inapplicable.

## CAUSES OF ACTION

### Count One – Breach of Contract

21. Optimal Blue realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

22. Optimal Blue and CBM entered into a valid and enforceable Agreement, including applicable Payment Schedule or Addenda, under which Optimal Blue provided certain technology services, as designated in the Agreement, in exchange for payment of contractual fees and obligations, among other consideration.

23. Optimal Blue fully performed its obligations under the Agreement by providing the agreed-upon services and issuing invoices in accordance with the terms of the Agreement.

24. CBM materially breached the Agreement by failing to pay six (6) invoices issued between March 2024 and August 2024, totaling $94,311.96 in unpaid principal, despite due demand.

25. As a direct and proximate result of CBM's breach, Optimal Blue has suffered damages, including, but not limited to, the unpaid principal in the amount of at least $94,311.96 plus all accrued late fees and all costs of collection, which includes reasonable attorneys' fees.

26. Pursuant to Section 15 of the Agreement, the unpaid amounts are accruing late fees at the lesser of 18% per annum or the maximum allowed by law, beginning the 31st day after each invoice's due date and continuing until paid in full.

Optimal Blue is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(8) because this is claim for breach of a written contract. Optimal Blue retained counsel, who presented Optimal Blue's claim to CBM. CBM did not tender the amount owed within 30 days after the claim was presented.

## Count Two – Suit on Sworn Account

27. Optimal Blue realleges and incorporates by reference each of the preceding paragraphs as if fully set forth herein.

28. Optimal Blue provided CBM with access to certain technology licenses and related services on an open account basis and issued invoices reflecting the amounts due for those services and associated rights.

29. CBM accepted the services and became bound to pay Optimal Blue its designated and agreed-upon charges, which were according to the terms of the parties' Agreement.

30. Optimal Blue rendered statements of account to CBM in the form of invoices, which accurately reflected the amounts due and owing for services rendered under the Agreement. *See* Ex. B. The account accurately sets forth the services Optimal Blue provided to CBM, the dates of delivery, and the cost of the services Optimal Blue provided. The account represents a record of the transactions that is similar to records Optimal Blue systematically keeps in the ordinary course of business.

31. After the services were delivered and invoices issued to CBM, it did not (and has not) made any payments to Optimal Blue.

32. CBM did not object to the correctness of the amounts stated in the invoices within a reasonable time.

33. Despite due demand, CBM has failed to pay the outstanding balance of $94,311.96 (exclusive of late fees), which remains due and owing.

34. This claim is just and true, it is due, and all just and lawful offsets, payments, and credits have been allowed. Optimal Blue attaches an affidavit verifying these facts as **Exhibit C** and incorporates it by reference.

35. Optimal Blue is entitled to recover reasonable and necessary attorney fees under Texas Civil Practice & Remedies Code section 38.001(7) because this is a suit on a sworn account. Optimal Blue retained counsel, who presented Optimal Blue's claim to CBM. CBM did not tender the amount owed within 30 days after the claim was presented.

36. Optimal Blue respectfully requests the entry of judgment in its favor and an award of damages in an amount not less than $94,311.96 plus all accrued late fees and all costs of collection, including reasonable attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Optimal Blue respectfully requests that CBM be cited to appear and answer herein and that upon final hearing, Optimal Blue have judgment as follows:

a) Damages for Breach of Contract in an amount to be determined at trial, including all principal amounts due under the contract, plus applicable late fees, interest, and other contractual charges;

b) In the alternative, recovery on Sworn Account for the unpaid amounts owed, duly verified and supported by sworn statements;

c) Prejudgment and postjudgment interest as allowed by law;

d) Attorneys' fees and costs incurred in prosecuting this action, pursuant to applicable law; and

e) Any other relief to which Optimal Blue may be justly entitled at law or in equity.

Dated: September 23, 2025

Respectfully submitted,

/s/ *Karina Loya*
Joshua J. Bennett
Texas Bar No. 24059444
jjbennett@bakerlaw.com
Karina Loya
Texas Bar No. 24104687
kloya@bakerlaw.com
BAKER & HOSTETLER LLP
2850 North Harwood Street, Ste. 1100
Dallas, Texas 75201
Tel: 214.210.1200
Fax: 214.210.1201

Michael T. Delaney
*(Pro hac vice application forthcoming)*
Ohio Bar No. 099790
mdelaney@bakerlaw.com
Ruth E. Hartman
*(Pro hac vice application forthcoming)*
Ohio Bar No. 078860
rhartman@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Sq., Ste. 2000
Cleveland, Ohio 44114
Tel: 216.621.0200
Fax: 216.696.0740

*Attorneys for Optimal Blue, LLC*